**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                **v.**             **10-CR-188A(Sr)**

**ERIC DE LEON-NAVARRO, SR.,**

      **Defendant.**
_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. # 251.

## PRELIMINARY STATEMENT

The defendant, Eric De Leon-Navarro, Sr., is charged in counts 1, 4 and 5 of a 13 count indictment against 23 defendants with participation in a continuing criminal enterprise, in violation of Title 21, United States Code Sections 841(a)(1), 843(b) and 846, in violation of Title 21, United States Code Section 848(a); conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of a mixture and substance containing cocaine and a mixture and substance containing marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D), in violation of Title 21 United States Code Section 846; and possession with intent to distribute 500 grams or more of a mixture and substance containing

cocaine, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(B) and Title 18 United States Code Section 2.  Dkt. #1.  The defendant also faces forfeiture of money pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p).  Dkt. #1.

The defendant filed an omnibus motion.  Dkt. #334.  The government filed a response and request for reciprocal discovery.  Dkt. #376.  This Report, Recommendation and Order addresses defendant's request for dismissal of the indictment and suppression of statements and evidence obtained pursuant to Title III intercept orders.

## DISCUSSION AND ANALYSIS

**Suppression of Statements**

Defendant seeks disclosure of any statements made by him which the government intends to use at trial and an opportunity to move to suppress any such statements.  Dkt. #334, p.12.  The government responds that there was no custodial interrogation by government agents.  Dkt. #376, p.25. As a result, it is recommended that this aspect of defendant's motion be denied.

**Suppression of Communications Intercepted by Wiretap**

Defendant asserts, without explanation, that he is an aggrieved person and seeks suppression of all evidence derived from numerous wire interceptions. Dkt.

#334, pp.25-26. Defendant claims that the intercept orders were erroneously granted by Chief Judge William Skretny because the wiretap applications did not demonstrate that other investigative procedures were exhausted or adequately considered.  Dkt. #334, pp.25-30.

The government responds that defendant has failed to establish standing to challenge the intercept orders because he was not a named interceptee or violator in any of the interception orders and he has failed to affirm that he was a party to any intercepted communication.  Dkt. #376, pp.51-53

18 U.S.C. § 2518(10)(a) permits any aggrieved person to move to suppress the contents of any intercepted communication on the grounds that the communication was unlawfully intercepted; the order approving interception was insufficient on its face; or the interception was not made in conformity with the interception order.  An "aggrieved person" is defined as "a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed."  18 U.S.C. § 2510(11).

As the government represents, and review of the interception orders confirms, that this defendant was not a named target or interceptee on any of the Title III interception orders at issue in this case, the burden is on defendant to demonstrate standing by submitting sworn evidence, by affidavit or testimony, from the defendant or someone with personal knowledge, establishing that it was the defendant's voice that

was intercepted on the wiretap.  *United States v. Bellomo*, 954 F. Supp. 630, 639 (S.D.N.Y. 1997) ("Absent a sworn statement by [defendant] or someone with personal knowledge averring that [defendant's] voice was intercepted on the cellular phone, he lacks standing to seek suppression of the evidence that the wiretap on that phone produced." ).  An unsworn assertion of the government's representation that defendant's voice was intercepted is insufficient to establish standing.  *United States v. Montoya-Eschevarria*, 892 F. Supp. 104, 106 (S.D.N.Y. 1995).  As defendant has failed to aver that his voice was intercepted, it is recommended that his motion to suppress be denied for lack of standing.

**Dismissal of Indictment**

Defendant argues that the indictment against him should be dismissed for lack of probable cause to believe that defendant was involved in a continuing criminal enterprise, conspiracy or distribution of a controlled substance.  Dkt. #334, p.33.  However, the United States Supreme Court has determined "that an indictment, fair upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause . . .."  *Gerstein v. Pugh*, 420 U.S. 103, 117, n.19 (1975) (internal quotations omitted); *See United States v. Monsanto*, 924 F.2d 1186, 1196 (2d Cir. 1991) ("an indictment issued by a grand jury conclusively establishes probable cause").  "[S]peculations that the grand jury has insufficient evidence on which to indict . . . are not enough to overcome the presumption of regularity attached to grand jury proceedings." *Ostrer v. Aronwald*, 567 F.2d 551, 553-

554 (2d Cir. 1977), *citing United States v. Costello*, 350 U.S. 359 (1956). As defendant has raised no argument to challenge the presumption of regularity afforded grand jury proceedings, it is recommended that defendant's motion to dismiss be denied.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1), that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
          June 15, 2012

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**